**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4101

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

JOSE DAVID LOVO-SERRANO,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:21-cr-00398-FL-1)

Submitted:  September 18, 2023                          Decided:  October 5, 2023

Before WILKINSON, KING, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  W. Michael Dowling, THE DOWLING FIRM PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose David Lovo-Serrano appeals his conviction following his guilty plea to possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k), 924. On appeal, Lovo-Serrano argues his guilty plea was not knowing and voluntary and was not supported by an adequate factual basis. We affirm.

Beginning with the validity of Lovo-Serrano's plea, because Lovo-Serrano moved to withdraw his guilty plea on this basis, our review is for abuse of discretion. *See United States v. Benton*, 523 F.3d 424, 434 (4th Cir. 2008). "We have long held that a plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of the charge against him." *United States v. Kim*, 71 F.4th 155, 162 (4th Cir. 2023). Thus, the district court must "inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). But "a recitation of all elements [of an offense] is [not] always required in a Rule 11 proceeding," and "there is no requirement that the defendant receive all of the information about the nature of the charges from the court at the plea hearing itself." *Kim*, 71 F.4th at 164 (internal quotation marks omitted). Rather, "the district court may rely on detailed information received by the defendant on occasions before the plea hearing," *id.* (cleaned up), including information contained in the plea agreement, *see United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991).

Section 922(k) makes it "unlawful for any person knowingly . . . to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or

2

foreign commerce." Lovo-Serrano contends his plea is invalid because the magistrate judge[*] did not inform him during the Fed. R. Crim. P. 11 hearing that, as an element of the offense, the Government was required to prove he knew the firearm he possessed had an obliterated serial number. However, the plea agreement correctly identified all three elements of the § 922(k) offense, and Lovo-Serrano confirmed during the Rule 11 hearing that he had reviewed the plea agreement with his attorney, understood its terms, and understood the nature of the charges against him. Accordingly, we conclude that the magistrate judge did not abuse his discretion in finding Lovo-Serrano understood the true nature of the § 922(k) offense and, thus, that he knowingly pleaded guilty to that offense.

As to Lovo-Serrano's second argument, before accepting a defendant's guilty plea, a district court must confirm the plea is supported by an adequate factual basis. Fed. R. Crim. P. 11(b)(3). Because Lovo-Serrano did not object to the adequacy of the factual basis before the district court, our review of this issue is for plain error. *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017). To succeed on plain error review, a defendant "must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018).

The factual basis requirement "ensure[s] that the [district] court make[s] clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *United States v. Mastrapa*, 509 F.3d 652, 659-60 (4th Cir. 2007) (internal quotation marks omitted). "The district court possesses wide discretion in

---

[*] Lovo-Serrano consented to proceed before a magistrate judge.

finding a factual basis, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *Stitz*, 877 F.3d at 536 (internal quotation marks omitted). The district court is not required to rely on the Rule 11 colloquy, but rather "may conclude that a factual basis exists from anything that appears on the record." *Id.* (internal quotation marks omitted).

To establish a violation of § 922(k), the Government must prove the defendant knew the relevant firearm's serial number had been "removed, obliterated, or altered." 18 U.S.C. § 922(k); *see United States v. Sullivan*, 455 F.3d 248, 261 (4th Cir. 2006) ("The defendant must know of the alteration."); *see also United States v. Haile*, 685 F.3d 1211, 1220 (11th Cir. 2012) (collecting cases). This knowledge "may be inferred where the defendant has possessed the gun under conditions under which an ordinary man would have inspected the [gun] and discovered the absence of a serial number." *Sullivan*, 455 F.3d at 261. Our review of the record reveals sufficient evidence to support such an inference: Lovo-Serrano physically possessed the firearm; he had been in possession of it for at least a few weeks; and the serial number was obliterated by scratching. Accordingly, we discern no plain error in the magistrate judge's finding that there was an adequate factual basis for Lovo-Serrano's plea.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*